FILED
OCT 17 2022
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Quindell Ford
Name
#44206-037
Prison Number
USP Atwater
P.O. Box 019001
Atwater, CA 95301
Address or Place of Confinement

Note: If represented by an attorney, write attorney's name, address & telephone number

# United States District Court
### EASTERN DISTRICT OF CALIFORNIA

Quindell Ford
Full Name (First, Middle, Last)

Petitioner,

vs.

B.M. Trate
Name of Warden
(or other authorized person having custody of petitioner)

Respondent.

CASE NO. 1:22CV01327-CDB(HC)
(to be supplied by the Clerk of the
United States District Court)

PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
BY A PERSON IN FEDERAL CUSTODY

RECEIVED
OCT 17 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

PLEASE COMPLETE THE FOLLOWING (check the appropriate number):

This petition concerns:

1. xxxx       a conviction
2. xxxx       a sentence
3. _____   jail or prison conditions
4. _____   prison discipline
5. _____   a parole problem
6. _____   other

CAUTION: If you are attacking a federal conviction,
sentence or judgment, you must
first file a direct appeal or motion under
28 U.S.C. § 2255 in the federal court which
entered judgment.

(1) Place of detention: USP Atwater, P.O. Box 019001, Atwater, CA 95301

(2) Name and location of court which imposed sentence: United States District Court District of Maryland

(3) Offense(s) and indictment number(s) (if known) for the sentence imposed:
Hobbs Act Robbery; Aiding and abetting, sec. 1951(a) and 2. Ct. six
Possession and brandishing a firearm in furtherance of a crime of violence, sec. 924(c)(1)(A)(i) and 2. Ct. seven

(4) The date the sentence was imposed and the terms of the sentence:
September 16, 2022 to 188 months plus 96 months imprisonment

(5) What was your plea (check one):   Not guilty ( )   Guilty (X)   Nolo contendere ( )

(6) Kind of trial (check one):   Jury ( )   Judge only ( )

(7) Did you appeal from the judgment of conviction or the imposition of sentence:   Yes ( )   No ( )

(8) If you did appeal, answer the following for *each* appeal:

FIRST APPEAL:
Name of court:  United States Court of Appeals, Fourth Circuit
Grounds raised (list each):
   1) Career Offender enhancement and sec. 924(c) actual innocent
   2) 

Result/Date of result: 

SECOND APPEAL:
Name of court: N/A
Grounds raised (list each):
   1) 
   2) N/A

Result/Date of result: 

## GROUNDS FOR THIS 28 U.S.C. § 2241 PETITION

(9) State *CONCISELY* every ground on which you claim that your sentence is being executed in an illegal manner. Summarize *briefly* the *facts* supporting each ground

   **CAUTION:**   If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

→   **GROUND ONE**   SEE Ground One attached

Supporting *FACTS* for *GROUND ONE* (tell your story *BRIEFLY* without citing cases or law).

**CAUTION:** You must state *facts, not conclusions,* in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place.

See Ground One attached

→ GROUND TWO _____ N/A _____

Supporting *FACTS* for *GROUND TWO* (tell your story *BRIEFLY* without citing cases or law).

N/A

## ADMINISTRATIVE APPEALS

(10) Have you presented the claims raised in Question #9 of this petition to prison officials in a prison administrations appeal?

Yes ( )    No ( )    If your answer is no, explain why not: _____
n?a

If your answer is yes, answer the following for *each* administrative appeal:

FIRST ADMINISTRATIVE APPEAL    Level of appeal:_____
Grounds raised (list each):
  1) _____
  2) ____ N/A ____
Result/Date of result:_____

SECOND ADMINISTRATIVE APPEAL    Level of appeal:_____
Grounds raised (list each):
  1) _____
  2) ____ N/A ____
Result/Date of result_____

---

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY
Page 3 of 5

THIRD ADMINISTRATIVE APPEAL    Level of appeal:_____
Grounds raised (list each):

```
1) _____
2) _____N/A_____
Result/Date of result: _____

FOURTH ADMINISTRATIVE APPEAL     Level of appeal: _____
Grounds raised (list each):
    1) _____
    2) _____N/A_____
Result/Date of result: _____
```

(11) Is the grievance process completed?    Yes ( )    No ( )

## PREVIOUS PETITIONS

(12) Have you filed previous petitions for habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to the claims raised in Question #9 of this petition?

Yes (X)    No ( )

(13) If your answer to Question #12 was yes, give the following information for *each* previous petition:

FIRST PREVIOUS PETITION
Name of court: United States District Court District of Maryland
Nature of proceeding: post-conviction 2255
Grounds raised (list each):
    1) Career Offender enhancement defective
    2) _____
Result/Date of result: June 18, 2013 Denied

SECOND PREVIOUS PETITION
Name of court: United States District Court District of Maryland
Nature of proceeding: post-conviction sec. 2255
Grounds raised (list each):
    1) Compassionate release/ sentence reduction
    2) _____
Result/Date of result: _____

(14) If the claims raised in Question #9 of this petition concern your conviction or sentence, explain why you are filing your petition pursuant to § 2241 instead of § 2255.
    See ground one Pg. 2-5 unobstructed procedural shot

(15) Are you presently represented by counsel?

Yes (X)          No ( )

If so, provide your attorney's name, address, and telephone number: Paresh S. Patel
Southern Division, 6411 Ivy lane Suite 710, Greenbelt, Maryland 20770

(16) If you are seeking leave to proceed *in forma pauperis*, have you completed the application setting forth the required information?

Yes (X)          No ( )

Note: If your answer is no, you must send a $5.00 filing fee to the court with your petition.

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding. Vacate conviction and consecutive 96 months sentence of imprisonment under 18 U.S.C. sec. 924(c)(1)(A)(ii) and grant his immediate release from custody to correct a fundamental miscarriage of justice.
I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Oct 06, 2022
(Date)

_____
(Signature of Petitioner)

_____
(Signature of Attorney, if any)

Ground one

Whether Quintell Ford is actuaaly innocent of count seven consecutive mandatory sec. 924(c)(1)(A)(ii) 96 months sentence enhancement for use, carry and brandishing a firearm during and in relation to a hobbs act robbery because hobb act robbery under sec. 1951(a) is not a crime of violence under sec. 924(c)(1)(A) or (B), in violation of the Constitution's right to due process and Eighth Amendment right against excessive penalties imposed?

BACKGROUND

Ford engaged in a string of armed robberies in the Batimore metropolitain area from approximately December 2008 to March 2009. (Presentence Investigation Report ("PSR") 1, ECF No. 318-1 *SEALED*.) During these robberies, Ford and his co-conspirators stole thousands of dollars from businesses that engaged in interstate commerce and injured multiple victims. (Id. at 8-18.) A federal grand jury issued an Indictment on April 23, 2009, charging Ford with four counts. (ECF No. 1.) The Grand Jury later issued a Superceding Indictment on May 28, 2009, and a Second Superceding Indictment on September 3, 2009. (ECF Nos. 12,28.) On February 19, 2010, Ford pleaded guilty to Count Six alleging Hobbs Act Robbery, 18 U.S.C. sec. 1951(a), and Count Seven, charging Ford with Using, Carrying and Brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. sec. 924(c). (Plea Agreement 1, ECF No. 68.) Ultimately at sentencing on November 4, 20010, the government dismissed the remaining counts.

Ford subsequently filed a Motion to withdraw his guilty plea on July 2, 2010, which this court denied. (ECF No. 109, 115.) On November 4, 2010, Ford was sentenced as a career offender under the Armed Career Criminal Act, 18 U.S.C. sec. 924, due to two prior state felony convictions involving possession with intent to distribute a controlled dangerous substance. (PSR 95,98,101;) Judgment

1-2.) This Court sentenced Ford to 240 months as to Count Six and 96 months as to Count Seven, to be served consecutively for a total of 336 months' imprisonment followed by a three-year term of supervised release. (Judgment2.) Ford filed a timely appeal, and the United States Court of Appeal for the Fourth Circuit affirmed Ford's conviction on September 9, 2011. (ECF Nos. 155,180.)

On November 20, 2012. Ford filed a Motion to Vacate pursuant to 28 U.S.U. sec. 2255, which this Court denied on June 19, 2013. (ECF No.182,198.) Ford then appealed the denial of his sec. 2255 motion (ECF No.205.) and filed a Motion to alter and amend judgment pursuant to Federal Rules of Criminal Procedures 59(e). (ECF No. 203.) This Court denied Ford's Rule 59(e) Motion, and the Fourth Circuit dismissed his sec. 2255 appeal and denied a certificate of appealability. (ECF NO. 223,228.) However, the Fourth Circuit subsequently authorized Ford to file a successive sec. 2255 motion, which he did on June 23, 2016. (ECF Nos. 2533,254.) That Motion is in abeyance. (ECF Nos. 286,287.)

Ford filed the subject Motion for compassionate release/Sentence Reduction on January 20, 2021. (ECF No. 295.) On September 15, 2022, this Court reduced Ford's sentence to 284 months imprisonment from 336 months imprisonment. A 52 month sentence reduction.

LEGAL STANDARD OF REVIEW FOR HABEAS CORPUS JURISDICTION UNDER THE ESCAPE HATCH

---

I.   To prevail on a 28 U.S.C. sec. 2241 petition, the petitioner must show the court has jurisdiction under the escape hatch of 28 U.S.C. sec. 2255(e), which permits a federal prisoner to file a sec. 2241 petition to contest the legality of a sentence where his remedy under sec. 2255 is "inadequate and ineffective" to test the legality of his detention.

2.

II.  According to Gradney v. Ives, 2018 U.S. Dist. LEXIS 225805 (December 10,2020) and Allen v. Ives, 950 F.3d 1184 (9th Cir.2020), the court stated, "Along with many other of our sister circuits, we have held that a sec. 2241 petition is available under the escape hatch of the sec. 2255 when a petitioner (1) makes a claim of actual innocent, and (2) has not had an unobstructed procedural shot at presenting that cliam. In this circuit, a petitioner claim of actual innocent for the purposes of the escape hatch of sec. 2255 must meet the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998): "To establish actual innocent, the petitioner must demonstrate, that in light of all the evidence, it is more likely than not that no reasonable jury would have convicted him, Stephen, 464 F.3d at 898 (qouting Bousley, 523 U.S. at 623)"

In 2011, at the time Ford's direct appeal was reviewable, the Fourth Circuit standard of review for Hobbs Act Robbery was a crime of violence for sec. 924(c) career offender enhancement under sec. 4B1.1 of the mandatory guideline regime. United States v. Tilley, 702 F.3d 170 (4th Cir. 2012). If Ford would have raised this claim on direct appeal, it would have been denied as frivolous and without merit. The law was against him at that time. Even if he wouild have raised it in his initial sec.2255 motion he would have been denied because the district court was bound by 4th circuit precedent.. And the court was bound to rely on that decision on post-conviction review. Therefore, it would have been futile to raise this issue on direct appeal or in his sec. 2255 motion.

It wasn't until recent precedent in this circuit court in Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020) and the Fourt Circuit decision in United States v. Green 996 F.3d 176 (4th Cir. 2021), holding that Hobbs Act Robbery does not constitute a crime of violence under the career offender provision of the United States Sentencing Guidelines Id. at 185. Davis v. United States, 139 S.Ct. at 2336 and Taylor

3.

United States, 142 S.Ct. 2015 (2022), retroactive decisions of statutory interpretations, not constitutional rulings of law for purposes of second or successive sec. 2255 under 28 U.S.C. sec. 2255(h)(1) and (2).

UNOBSTRUCTED PROCEDURAL SHOT STARDARD

Therefore, before 2020, it would have been futile to raise this sec. 924(c) actual innocent claim because Hobbs Act Robbery is not a crime of violence under sec. 1951(a) on direct appeal or sec. 2255 motion, because the courts at that time were not interpretating the mandatory minimum penalty as the standard of review for elements of the offense, but was interpreting the mandatory maximum penalty under Apprendi from 2000-2013. It wasn't until 2013, that the Supreme Court rule in Alleyne that the elements of the offense standard of review dropped from the maximum to the minimum penalty of the statutory range that the elements of the offense had to be submitted to the jury and proven beyond a reasonable doubt rather than the perponderance of the evidence standard of review at sentencing. as sentencing factors, not required to be submitted to the jury and proven beyond a reasonable doubt or admitted by the defendant.

So, whether timely or untimely filed in the district court within the one year limitation period of the Anti-Terrorism and Effective Death Penalty Act of 1996 on direct appeal or sec. 2255 motion, it would have been denied as frivolous and without merit. Only in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), did the Fourth Circuit Court of Appeals allowed increased sentence above the minimum penalty to be challenged similar to Allen under the escape hatch.

Therefore, petitioner did not have an unobstructed procedural shot at raising his actual innocence of the statutory minimum mandatory penalty of 96 months imprisonment under sec. 924(c)(1)(A)(ii), because it was foreclosed by existing precedent at the time of direct appeal and sec. 2255. And he probably never will.

But, because Davis and Taylor, are intervening substantive changes in retroactive statutory interpretations of applicable law and facts, and not new rules of constitutional law, the second or successive sec. 2255 mandatory requirement for permission or authorization from the Court of Appeals under 28 U.S.C. sec. 2244(H)(2) is inapplicable.

LEGAL STANDARD OF REVIEW

Under Alleyne v. United States, 570 U.S. 99, 107-108, 132 S.Ct. 2151, 186 L. Ed.2d 314 (2013), the Supreme Court declared, "A fact that increases a mandatory minimum is an "element of the offense." If an element of an offense is not established, a defendant is necessary innocent of that offense. See Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); United States v. Geozos, 870 F.3d 890 (9th Cir. 2017), abrogated on other grounds by Wards v. United States, 936 F.3d 914 (9th Cir. 2019)("[A]ny fact increasing either end of [a sentencing] range produces a new penalty and constitutes an ingredient of that offense" and must be presented to the jury."

SENTENCING

On September 15, 2022, this court determined at the new sentencing hearing, that, Ford sentence would be considered grossly disproportionate in light of the Fourth Circuit's decision in Green. If Ford were sentenced today, his career criminal category would be reduced from Category VI to Category III and his sentencing guidelines would be adjusted significantly. This presents an extraordinary and compelling reason to adjust Ford's sentence. With a criminal histroy category III and a base offense level of 32, Ford's prior convictions, the severity and violent nature of the robberies he was involved in, as well as his conduct in prison, Ford's sentence will remain on the high end of this spectrum. This Court will reduce Ford's sentence as to Count Six to 188 months of incarceration, which-

when served consecutively with Ford's 96 month sentence as to Count Seven--will result in a total sentence of 284 months of incarceration.

ARGUMENT

Petitioner contends that he is actually innocent of his consecutive mandatory minimum sentence of 96 month of imprisonment under 18 U.S.C. sec. 924(c)(1)(A)(ii) because Hobbs Act Robbery is not a crime of violence under the residual clause nor the element clause of Sec. 924(c)(1)(A) or (B). United States District Judge Richard D. Bennett stated in his September 15, 2022 Order reducing Ford's sentence to 284 months imprisonment that, "Under the Fourth Circuit decision in Green, Ford's Hobbs Act Robbery conviction as to Count Six would not be considered a crime of violence unbder the career offender provision of the United States Sentencing Guidelines. See Green, 996 F.3d at 185. As a result, if Ford were sentenced today under this precedent his criminal history category under the current sentencing guidelines would be a Category III rether than a Category VI. (see Letter from XUSPO Sentencing consultants, ECF No. 309-2, at 7.)
The Court erred when it said regardless of the changes, Ford's base offense level would remain the same.

Here, the Court failed to consider that the government did not present evidence proving Ford actively employed the firearm or used the firearm with intent t intimidate the victims by brandishing the firearm or carrying the firearm during and in relation to a crime of violence. These elements of the offense were not charged or noticed in the indictment, nor was they admitted by the petitioner prior to plea hearing or plea agreement acceptance, or advised by the Court that the government had the burden of proving them beyond a reasonable doubt to the jury. Bailey v. United States, 516 U.S. 137, 133 L.Ed.2d 472, 116 S.Ct. 501 (1995); Bousely v. United States, 523 U.S. 614, 140 L.Ed.2d 828, 118 S.Ct. 1604 (1998);

Alleyne v. United States, 570 U.S. 99, 107-108, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013); United States v. Turner, 841 Fed. Appx. 557 (4th Cir. 2020).

It is clear that Petitioner was denied his Fifth Amendment right to due process notice of the true nature of the charge against him under 18 U.S.C. sec. 924(c) use, carry and brandishing of a firearm during and in relation to the Hobbs Robbery under 18 U.S.C. sec. 1951(a), that the sec. 924(c) conviction and sentence can not stand absent the crime of violence. United States v. Mejia-Quintanilla, 2021 U.S. App. LEXIS 26077 (9th Cir. 2021); United States v. Williams, 2020 U.S. D LEXIS 123022 (DN July 10, 2020); Concepcion v. united States, No. 20-1650 (2022).

Therefore, the evidence was insufficient to sustain the 18 U.S.C. sec. 924(c)(1)(A)(ii) conviction and consecutive mandatory minimum sentence of 96 months imprisonment. Even if the sec. 924(c) was legal, Congress only authorized 84 month mandatory minimum sentence to be imposed, not 96 months imprisonment by sec. 3553(a) factors. That's a 12 month increase of the minimum penalty authorized by law under sec. 924(c)(1)(A)(ii). Contrary to legislative intent, text and history. Such judicial finding violates the Fifth Amendment right to due process and Sixth Amendment right to jury trial. Davis v. United States, 139 S.Ct. 2319 (2019); United States Constitution Article I, Sec. 1.

PREJUDICE

Absent the illegally enhanced consecutive mandatory minimum sentence of 96 months impriosnment, Ford would have faced a sentence of 188 months imprisonment under advisory guidelines not a mandatory minimum sentence of 96 months imposed on September 15, 2022 on his motion for reduced sentence.

Ford has already served 160 months imprisonment -more than 13 years-of his 188 months sentence. With his 580 days jail credit and his good time credit remaining, Ford's sentence has been expired. He is approximately 83 days and 6 months in excess of his high end of his advisory guideline range at a criminal history

7.

8.

Category III base offense level 32. Therefore, his increased mandatory consecutive 96 months sentence of imprisonment is illegal and fundamentally defective.

## CONCLUSION

Wherefore, for the above stated reasons, Petitioner moves this Hon. district court to issue an order vacating his consecutive sec. 924(c) conviction and sentence, and grant him his immediate release from custody to correct a fundamentally complete miscarriage of justice to one actually innocent. Murry v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 379 (1986).

Respectfully,

*Quindell Ford*

Quindell Ford

#44206-037

USP Atwater

P.O. Box 019001

Atwater, CA 95301

CERTIFICATE OF SERVICE

I, Quintell Ford, do certify and verify under the penalty of perjury that the above Writ of Habeas Corpus sec. 2241 was mailed on this 9th day of October, 2022, to the following parties;

United States Penitentiary Atwater

Warden B.M. Trate

P.O. Box 019001

Atwater, CA 95301

Respectfully,

*Quindell Ford*

Quindell Ford

# 44206-037

P.O. Box 019001

Atwater, CA 95301