UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINDELL FORD,<br><br>    Petitioner,<br><br>  v.<br><br>B.M. TRATE,<br><br>    Respondent. | Case No. 1:22-cv-01327-CDB (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO STRIKE<br><br>(ECF No. 9)<br><br>FINDINGS AND RECOMMENDATION THAT (1) THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED WITH PREJUDICE AND (2) THE MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF Nos. 5, 7)<br><br><u>FOURTEEN (14) DAY DEADLINE</u><br><br>Clerk of Court to randomly assign District Judge |

   Petitioner Quindell Ford is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Ford is currently incarcerated at the United States Penitentiary located in Atwater, California. (*Id.*) Ford filed his petition on October 17, 2022, in which he contends that he is "actually innocent" of a 96-month sentence, imposed by the U.S. District Court – District of Maryland, for brandishing a firearm during and in relation to a Hobbs Act robbery. (*Id.*). One month after filing his petition, Ford filed a motion for preliminary injunction in which he requests "immediate release." (ECF No. 5). On March 2, 2023, Ford filed a notice of interlocutory appeal in which he alleges this Court "abused it's

discretion in its failure to 'expedite the consideration' of my 28 U.S.C. § 2241 action." (ECF No. 10). The Ninth Circuit Court of Appeals processed Ford's notice on March 3, 2023. (ECF No. 11).

Pending before the Court is Respondent's motion to dismiss Ford's petition for habeas corpus and opposition to his motion for preliminary injunction, filed January 24, 2023. (ECF No. 7). Ford filed a motion to strike Respondent's motion on February 9, 2023. (ECF No. 9)

## I.   BACKGROUND

Ford engaged in a string of armed robberies in the Baltimore metropolitan area from around December 2008 to March 2009. *United States v. Ford*, 2022 WL 4278006, \*1 (D. Md. Sept. 15, 2022). On February 19, 2010, following a grand jury's return of an indictment, Ford pled guilty to count six, which charged him with Hobbs Act robbery, 18 U.S.C. § 1951(a), and count seven, which charged him with using, carrying, and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). (*Id.*)

On July 2, 2010, Ford filed a motion to withdraw his guilty plea, which was denied. (*Id.*) On November 4, 2010, the United States District Court for the District of Maryland sentenced Ford as a career offender under the Armed Career Criminal Act 18 U.S.C. § 924, due to two prior state felony convictions related to possession with intent to distribute a controlled dangerous substance. (*Id.*) Ford was sentenced to 240 months as to count six and 96 months as to count seven, to be served consecutively, for a total of 336 months. (*Id.*)

Ford filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was denied on June 19, 2013. *Ford*, 2022 WL 4278006, \*2. Ford appealed the denial of his motion, and then later filed a motion to alter or amend judgment under Fed R. Civ. P. 59(e). The sentencing court in the District of Maryland denied the rule 59(e) motion. (*Id.*) Later, the Fourth Circuit dismissed Ford's § 2255 appeal and denied a certificate of appealability. *United States v. Ford*, 582 Fed. Appx. 183, 184 (4th Cir. 2014). Ford was later authorized to file a successive § 2255 motion, which he did on June 23, 2016. *Ford*, 2022 WL 4278006, \*2. On his motion, Ford's § 2255 petition currently is held in abeyance pending resolution of *United States v. Pyos*, Case No. 17-

4269, in the Fourth Circuit.[1]

Ford filed a motion for compassionate release/sentence reduction and the sentencing court denied the compassionate release but granted a sentence reduction. *Ford*, 2022 WL 4278006, *1. The district court preserved Ford's 96-month consecutive sentence for the firearm brandishing count but reduced the sentence imposed on the Hobbs Act Robbery conviction, reasoning: "If Ford were sentenced today, his career criminal category would be reduced from Category VI to Category III and his sentencing guidelines would be significantly.  This presents an extraordinary and compelling reason to adjust Ford's sentence." *Ford*, 2022 WL 4278006, *5.

Ford filed in this Court the 28 U.S.C. § 2241 petition now at issue on October 17, 2022. He asserts that Hobbs Act robbery does not constitute a crime of violence under the career offender provision of the United States Sentencing Guidelines.  (ECF No. 1, p. 8).  On October 24, 2022, this Court transferred the case to the District of Maryland.  (ECF No. 2).  On December 13, 2022, the District of Maryland transferred the case back to the Eastern District of California. (ECF No. 4).

## II.    APPLICABLE LAW AND ANALYSIS

In general, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).  In such cases, only the sentencing court has jurisdiction.  *Tripati*, 843 F.2d at 1163; *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

An exception exists by which a federal prisoner may challenge the validity or constitutionality of his federal conviction or sentence under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255.  *Stephens*, 464 F.3d at 897; *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008).  Under the § 2255 escape hatch, "a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of

---

[1] *See United States v. Ford et. al.,* No. 1:09-cr-00219-RDB (D. Md.), (ECF No. 334).  The Fourth Circuit rendered its decision in *Pyos* on December 13, 2022.  *United States v. Pyos*, 2022 WL 17592130 (4th Cir. 2022) (per curiam).

3

his detention.'" *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting *Stephens*, 464 F.3d at 897). A § 2241 petition is available under the escape hatch of § 2255 where a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim. *Stephens*, 464 F.3d at 898.

When a petitioner claims that a §2255 petition is an ineffective remedy, the Court is required to rule on whether a § 2241 remedy is available under the savings clause. *Hernandez v. Campbell*, 204 F.3d 861, 866 (9th Cir. 2000) (holding that a district court erred when transferring an action without first determining whether a §2241 remedy under the §2255(e) savings clause.)

## III. DISCUSSION

### A. Petitioner's Request to Strike Respondent's Motion as Untimely

Petitioner asks the Court to strike Respondent's motion to dismiss as untimely. (Opp. at 1). He points to the language in 28 U.S.C. § 2243 which requires the person having custody of a petitioner to respond within three days to the Court's order to answer a writ of habeas corpus, or if extended by the Court, within 20 days.

However, Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus and "the respondent is not required to answer the petition unless a judge so orders" (*see* Habeas Rule 5), which ordinarily occurs after the Court completes its Rule 4 screening.[2] Here, at the time Respondent filed his motion to dismiss, the Court had not completed its Rule 4 screening of the petition and had not ordered Respondent to respond. Accordingly, Respondent's motion to dismiss is not untimely.

Furthermore, "it is improper to issue a default judgment granting a habeas petition." *Stephen v. Matteson*, No. 2:20-cv-1003-KJM-KJN-P, 2021 WL 3159803, *1 (E.D. Cal. Jun. 25, 2021) (citation omitted). "A habeas petition implicates the interest of 'the public at large,' [and] the court must 'ensur[e] that habeas petitions are granted only when the court is satisfied of their merits, on the basis of the best obtainable evidence.'" *Id.* (quoting *Bermudez v. Reid*, 722 F.2d 18, 22 (2nd Cir. 1984)); *Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir. 1994) (holding that

---

[2] The Rules Governing § 2254 cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

Respondent's failure to timely respond to petition did not entitle Petitioner to default).  Thus, for the additional reason that Petitioner's requested relief for Respondent's purported late filing – the granting of a writ of habeas corpus – is "not an allowable sanction for untimeliness in making the return" (*Troglin v. Clanon*, 378 F. Supp. 273, 277 (N.D. Cal. 1974)), Petitioner's motion to strike is denied.

### B. Unobstructed Procedural Shot

In deciding whether a petitioner has not had an "unobstructed procedural shot" at raising habeas claims, the Court is required to consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960.

Ford asserts that he could not have raised his pending escape hatch claim at the time he filed his direct appeal and § 2255 petition because the Courts of Appeals and Supreme Court cases on which he relies in support of his claim (Pet. at p. 9) all post-dated his direct appeal and first § 2255 motion.

However, the Fourth Circuit *did* grant Ford permission to file a successive § 2255 petition for motion to vacate, and Ford in fact filed a successive § 2255 petition which is currently pending before the sentencing court in the District of Maryland. *Ford*, 2022 WL 4278006 *2. This § 2255 petition raises nearly identical claims as the § 2241 petition brought before this Court. *United States v. Ford,* No. 1:09-cr-00219-RDB (D. Md) (ECF No. 254).  This means that Ford cannot make the necessary showing that he lacked an unobstructed procedural shot to present to the sentencing court in a § 2255 petition the legal arguments he advances here in his § 2241 petition.  *See Allen v. Ives*, 950 F.3d 1184, 1191 (9th Cir. 2020) (weighing whether petitioner's arguments could appropriately be presented in a second or successive § 2255 petition before deciding whether petitioner lacked an unobstructed procedural shot); *Hernandez v. Trate*, No. 1:22-cv-01115-SAB-HC, 2022 WL 17490316, *3 (E.D. Cal. Nov. 18, 2022) ("The record is clear that Petitioner had the opportunity to raise his Davis claims in his authorized successive § 2255 motion. Therefore, the Court finds that Petitioner has not established that he never had an

5

unobstructed procedural shot at presenting this claim.") (quotation omitted).

"[F]or Petitioner's claim to be a legitimate § 2241 petition, he must satisfy both [actual innocence and unobstructed procedural shot] requirements." *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012). As Petitioner has failed to establish that he never had an unobstructed procedural shot at presenting his actual innocence claim, Petitioner cannot proceed under the escape hatch.[3] Accordingly, this Court lacks jurisdiction over the petition, and the petition should be dismissed.

### C. Motion for Preliminary Injunctive Relief

A plaintiff seeking a preliminary injunction must demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities favors him, and that the injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

The Court's recommendation that Petitioner's petition be dismissed for lack of jurisdiction eliminates Ford's ability to establish that he is likely to succeed on the merits of his claims. *See, e.g., Mathis v. Salazar*, No. 2:17-cv-00052-AC-P, 2017 WL 1153130, *4 (E.D. Cal. Mar. 27, 2017) ("The denial of the instant [habeas] petition renders petitioner unable to succeed on the merits of his claims and therefore on his motion for preliminary injunctive relief."). Moreover, the Court cannot issue preliminary injunctive relief because the Court does not have primary jurisdiction over the underlying cause of action. *See Sires v. State of Washington*, 314 F.2d 883, 884 (9th Cir. 1963) (affirming district court's denial of petitioner's motion for preliminary injunctive relief, filed separately from his petition under 28 U.S.C. § 2241).

Because Petitioner cannot establish likely success on the merits of his motion for preliminary injunction and because this Court lacks jurisdiction over the § 2241 petition, the undersigned recommends denying Ford's motion for preliminary injunction.

### IV. CONCLUSION

Accordingly, the Clerk of Court is DIRECTED to randomly assign a district judge to this action for the purposes of reviewing these findings and recommendations.

---

[3] In light of this conclusion, the undersigned declines to address whether Petitioner has presented a cognizable claim of actual innocence for purposes of qualifying for the escape hatch.

It is HEREBY RECOMMENDED the petition for habeas corpus be DISMISSED for lack of jurisdiction; and

It is FURTHER RECOMMENDED the motion for preliminary injunction be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __March 14, 2023__          _____
                                            UNITED STATES MAGISTRATE JUDGE