UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINDELL FORD,<br><br>   Petitioner,<br><br> v.<br><br>B.M. TRATE,<br><br>   Respondent. | Case No. 1:22-cv-01327-JLT-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DISMISSING THE PETITION WITH PREJUDICE AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 14) |

  The assigned magistrate judge issued findings and recommendations to dismiss Petitioner's 28 U.S.C. § 2241 petition with prejudice. The Court served the findings and recommendations on Petitioner and extended to him 14 days to file objections thereto. The findings and recommendations advised Petitioner that "failure to file objections within the specified time may result in the waiver of rights on appeal." (Doc. 14); *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

  On April 11, 2023, the Clerk of Court filed Petitioner's "Objection to Recommendation to Dismiss and Denial of Preliminary Injunction / Motion to Stay Judgment." (Doc. 15.) Petitioner's objections are untimely. The Court served the findings and recommendations on Petitioner on March 14, 2023 and extended him an additional 14 days to file objections thereto. Pursuant to Fed. R. Civ. P. Rule 6(d), Petitioner is afforded three additional days because of service of mail, thus his objections were due on March 31, 2023 (a Friday). Petitioner did not seek any extensions.

According to his filing, Petitioner delivered his objections and motion to stay to the institutional mailing system on the following April 5, 2023 (the following Wednesday).

Aside from being untimely, Petitioner's objections to the magistrate judge's findings and recommendations largely rehash arguments Petitioner advanced in opposition to Respondent's motion to dismiss that pertain to the merits of his habeas claims. Petitioner neither challenges nor addresses the magistrate judge's finding that Petitioner did not lack an unobstructed procedural shot to raise his habeas claim in his court of conviction (the District Court for the District of Maryland). Indeed, as the magistrate judge found, the Fourth Circuit granted Petitioner permission to file a successive § 2255 petition for motion to vacate, and Petitioner did in fact file a § 2255 petition, which is currently pending in the District of Maryland. That petition raises nearly identical claims as the § 2241 petition brought before this Court. Accordingly, Petitioner cannot establish that he "has not had an unobstructed procedural shot" at presenting his claim (*Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted)), and, thus, he fails to qualify for relief pursuant to the escape hatch of § 2255. *E.g., Lewis v. Salazar*, 829 Fed. Appx. 239, 241 (9th Cir. 2020) (affirming district court's dismissal of habeas petition brought pursuant to escape hatch because petitioner was able to present the same claim in motions for leave to file successive §2255 petitions). It follows that Petitioner cannot demonstrate that "his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Id*. The magistrate judge properly concluded that Petitioner could not bring his claim as a § 2241 petition.

Petitioner further asserts that "nothing in the statute for a writ of habeas corpus allows a district court to consider jurisdiction rather than issuing the writ." (Doc. 15, p. 3.) But that is incorrect: though Section 2241 empowers district courts to issue writs of habeas corpus, that power is expressly limited to issuance only "within their respective jurisdictions." 28 U.S.C. § 2241(a). For the reasons set forth in the findings and recommendations, the magistrate judge correctly found that this Court lacks jurisdiction over Petitioner's petition. Likewise, the magistrate judge was correct in concluding that Petitioner's motion for preliminary injunction cannot survive because he is unable to demonstrate that he is likely succeed on the merits, given that this Court lacks jurisdiction over the petition. Petitioner advances no meritorious reason why

this Court's disposition of the petition should be stayed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court concludes the findings and recommendations are supported by the record and by proper analysis. Based upon the foregoing, the Court **ORDERS**:

1. The findings and recommendations issued on March 14, 2022, (Doc. 14) are **ADOPTED IN FULL**.
2. Petitioner Quindell Ford's petition for writ of habeas corpus (Doc. 1) is **DISMISSED** with prejudice.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 16, 2023**

  /s/ Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

3