**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| QUINDELL FORD, | Case No.: 1:22-cv-1327 JLT CDB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT |
| v. | (Doc. 19) |
| B.M. TRATE, | |
| Defendant. | |

Quindell Ford filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction and sentence under the "escape hatch" of 28 U.S.C. § 2255(e). (*See* Doc. 1.) The Court dismissed the petition with prejudice and entered judgment. (Docs. 17, 18.) Petitioner now moves to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 19.)

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks, citation omitted). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district

1

1 court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (internal quotation marks omitted).

As an initial matter, Petitioner asserts the Court "failed to consider several circumstances before rendering its decision to deny the petition," including "the conditions of [his] confinement, which lead to the delay in filing [his] Objections…" (Doc. 19 at 1.) Second, Petitioner contends the Court did not adopt a "final order under 28 U.S.C. § 2253(c)(1)(a), which is limited to 'orders that dispose of the merits of a habeas corpus proceeding – a proceeding challenging the lawfulness of the petitioners (sic) detention.'" (*Id.* at 2, quoting *Harbison v. Bell*, 556 U.S. 180, 183 (2009) [emphasis omitted].) Petitioner notes "this Court has not made a finding of whether a Certificate of Appealability … is granted and why or why not." (*Id.*) Finally, Petitioner renews his arguments that he is actually innocent, asserting the Court did not make a proper judicial review of the merits of his claims. (*Id.* at 2, *see also id.* at 3-5.)

To the contrary, the Court considered Plaintiff's objections in its order adopting the Findings and Recommendations. (Doc. 17 at 2-3.) The Court reviewed the late objections and found Petitioner did not challenge—or even address—the "finding that Petitioner did not lack an unobstructed procedural shot to raise his habeas claim in his court of conviction (the District Court for the District of Maryland)." (*Id.* at 2.) Petitioner also argued in his objections that "nothing in the statute for a writ of habeas corpus allows a district court to consider jurisdiction rather than issuing the writ," and the Court rejected this argument. (*Id.* at 2-3.) Because the Court reviewed and addressed the objections, the reported circumstances causing a filing delay did not cause any prejudice to Petitioner, and do not offer any support to altering the judgment.

Petitioner now renews his assertions related to actual innocence and the merits of the petition, without addressing the determination that the Court lacks jurisdiction. Importantly, his disagreement with the Court's decision to not reach the merits—given the lack of jurisdiction—is insufficient to warrant reconsideration. *Cromer v. Songer*, 2016 WL 3351408, *1 (E.D. Cal. June 15, 2016); *see also Collins v. D.R. Horton, Inc.*, 252 F.Supp.2d 936, 938 (D. Ariz. 2003) (a motion cannot be used to

ask the Court to rethink what the Court has already considered merely because a party disagrees with the decision); *Leong v. Hilton Hotels Corp.*, 689 F.Supp. 1572, 1573 (D. Haw. 1988) (mere disagreement with a previous order is an insufficient basis for reconsideration).

Finally, a certificate of appealability is generally necessary to appeal a "final order in a habeas corpus proceeding." 28 U.S.C. § 2253(c)(1)(A). A final order is one that "dispose[s] of the *merits* of a habeas proceeding." *Harbison v. Bell*, 556 U.S. 180, 183 (2009) (emphasis added); *see also Lambright v. Ryan*, 698 F.3d 808, 817 n.2 (9th Cir. 2012). An order dismissing a petition for lack of jurisdiction "is not a 'final order in a habeas corpus proceeding' within the meaning of the statute." *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). Consequently, as Petitioner asserts, the Order Adopting the Findings and Recommendations—dismissing the action for lack of jurisdiction—was not a "final order" within the meaning of 28 U.S.C. § 2253(c)(1)(A). For this reason, a certificate of appealability is not required. *See Lambright*, 698 F.3d at 817, n.2; *see also Hubbard*, 379 F.3d at 1247; *Jennings v. Sec'y, Fla. Dep't of Corr.*, 2023 U.S.App.LEXIS 11277, at*2 (11th Cir. 2023) ("Because the district court … dismissed [the] petition for lack of jurisdiction, he does not need a certificate of appealability to challenge on appeal the district court's dismissal.")

Petitioner fails to present newly discovered evidence, show the Court committed clear error, or identify a change in controlling law that would mandate amendment of the judgment. *Wood*, 759 F.3d at 1121. Accordingly, the Court **ORDERS**: Petitioner's motion to alter or amend the judgment under Rule 59 (Doc. 19) is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 29, 2024**

UNITED STATES DISTRICT JUDGE