# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINDELL FORD,<br><br>　　　　Petitioner,<br><br>　v.<br><br>B.M. TRATE,<br><br>　　　　Respondent. | Case No. 1:22-cv-1327 JLT CDB (HC)<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY<br><br>(Doc. 26)<br><br><u>Clerk of the Court to File with Court of Appeals</u><br>Case No.: 24-1343 |

The United States Court of Appeals for the Ninth Circuit remanded this action for the limited purpose of determining whether to grant or deny a certificate of appealability. (Doc. 26.) For the reasons set forth below, the Court **DENIES** a certificate of appealability.

## I.     Background

Quindell Ford is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) The Court found Petitioner did not qualify for § 2241's "escape hatch" or "savings clause," which provides that "[a] federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (internal quotation marks omitted). Specifically, the Court found Petitioner filed an authorized successive § 2255 petition, currently pending before his sentencing court (the District of Maryland) and, thus, could not demonstrate he lacked an "unobstructed procedural shot" at presenting

1

his habeas claims. (*See* Doc. 17 at 2, citing *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).) Therefore, the Court dismissed the petition and directed the Clerk of Court to close this case. (*Id* at 3.)

On June 8, 2023, Petitioner filed a "Motion to Alter and Amend" pursuant to Fed. R. Civ. P. 59(e) (Doc. 19), which the Court denied on January 29, 2024. (Doc. 22.) The Court found that Petitioner failed to present any newly discovered evidence, show that the Court committed clear error, or identify a change in controlling law that would mandate amendment of the judgment. (*Id*. at 2-3.)

On March 5, 2024, Petitioner filed a notice of appeal to the Ninth Circuit Court of Appeal. (Doc. 24.) On March 15, 2024, the Ninth Circuit remanded the case to this Court to determine whether to issue a certificate of appealability. (Doc. 26.) The Ninth Circuit instructed: "If the district court chooses to issue a certificate of appealability, the court should specify the issues that meet the required showing; if the district court declines to issue a certificate, the court is requested to state its reasons." (Doc. 26 at 1-2, citing *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).)

**II.    Analysis**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. *See* Fed. R. Civ. P. 22(b).

Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court finds that reasonable jurists could not dispute that Petitioner is ineligible to advance a habeas claim pursuant to the escape hatch. Petitioner is unable to show that he did not have an unobstructed procedural shot since he was granted permission to file, and did file, a successive § 2255

petition, which is currently pending and for which Petitioner recently sought leave to amend. *See United States v. Ford*, No. 1:09-cr-00219-RDB (D. Md.) (Docs. 254, 342). Petitioner has not made the required substantial showing of the denial of a constitutional right.

### III.     Conclusion and Order

For the foregoing reasons, the Court **DENIES** issuance of a certificate of appealability. The Clerk of Court is directed to file this Order with the Ninth Circuit Court of Appeals, Case No. 24-1343.

IT IS SO ORDERED.

Dated:   **March 19, 2024**                                          _____
                                                                                    UNITED STATES DISTRICT JUDGE